Sidney Lake v. Commissioner.
Lake v. Commissioner
Docket No. 38473.
United States Tax Court
1953 Tax Ct. Memo LEXIS 252; 12 T.C.M. (CCH) 520; T.C.M. (RIA) 53167; May 15, 1953
*252 Henry R. Pacharz, C.P.A., 350 Fifth Avenue, New York, N. Y., for the petitioner. Joseph F. Rogers, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $369.88 in the income tax of the petitioner for 1948. The only issue for decision is whether the petitioner is entitled to a deduction for travel expense representing board and lodging while away from New York in pursuit of his business as a musician. Findings of Fact The petitioner filed an individual return for 1948 with the collector of internal revenue for the Fourteenth District of New York. He claimed his wife and his mother as dependents. He reported compensation as follows: Employer
Where Employed
Total Wages
Albert Bianchi
Sheraton Biltmore, Prov., R.I.
$4,470.62
Sheraton Bon Air
Augusta, Ga.
432.00
George Cardini
Bradley's, E. 54th St., N. Y.
87.00
$4,989.62 He claimed a deduction of $2,156 for "Maintenance Living Away from Home - $7.00 per day for 44 wks." The Commissioner, in determining the deficiency, explained "Deduction of $2,150.00 away from home expenses is disallowed. Providence, Rhode Island, *253 considered post of duty." The petitioner at all times material hereto maintained an apartment at Forest Hills, New York, where his wife lived and where he lived when in New York. The petitioner's mother lived elsewhere. The petitioner, a musician, played, at all times material hereto, with Albert Bianchi in orchestras led by Bianchi. Bianchi distributed the wages to the players for their employer. The record does not show how the different orchestras involved were organized. The petitioner was employed to play not more than six hours a day six times a week in an orchestra in the Sheraton Biltmore Hotel in Providence, Rhode Island. The engagement began at least as early as March 3, 1947 and it continued until about October 1948. The engagement was originally for four weeks but was to continue for similar periods thereafter unless the hotel gave notice of termination two weeks before the end of any current period of four weeks. Bianchi lives in Providence. The petitioner lived in rooming houses there during that employment, returning to New York over Sundays. The record does not show how or why the engagement was terminated. The petitioner was in New York for about two weeks *254 after leaving Providence and then went to the Sheraton Bon Air Hotel, Augusta, Georgia, where he was employed from October 18, 1948 to January 18, 1949. He was furnished a room and allowed a discount on food by the hotel. He did not return to New York during that engagement. The record does not show how that employment was obtained or terminated. The petitioner's wife remained in New York while he was employed in Providence and Augusta. The petitioner, after his employment in Augusta, returned to New York for a period not shown by the record and then went to Chicago where he was employed for three months. He then went to Cleveland. The record does not show how long he stayed there or what he did thereafter. Opinion MURDOCK, Judge: The Commissioner does not dispute the fact that the petitioner spent $2,156 for board and lodging while away from New York in 1948. The employment the petitioner had at Providence began early in 1947 and continued until some time in October 1948. It lacked the permanence of many employments, yet the record does not indicate that the petitioner could foresee its termination within a short time nor does it indicate that the petitioner expected or had *255 any reason to expect, in accepting that employment, that it would be temporary only. Cf. . He has not shown that it was not reasonable to expect that engagement to continue for an indefinite period, as long as the hotel might desire. It actually continued for the better part of two years and terminated for reasons not shown by the record. Likewise, the evidence does not show how long his employment in Augusta might reasonably have been expected to last when he went there. It was still continuing at the end of the year and the record does not show why it was terminated. Retaining a residence in New York did not benefit the petitioner's employers in any way and the record fails to show that he continued to maintain a residence in New York for other than personal reasons. No doubt there are musicians whose engagements are consistently and predictably so short that they are entitled to deductions for travel expense, but this petitioner has not shown that he was one of them in 1948. The evidence as a whole is inadequate to demonstrate error in the determination of the Commissioner. Decision will be entered for the respondent.